jackson | lewis

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Principal

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI*
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MONMOUTH COUNTY, NJ
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
ST. LOUIS, MO
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MARY L. MOORE
Mary.Moore@JacksonLewis.com
(973) 451-6354

March 1, 2019

**<u>VIA ECF</u>**
Honorable Steven C. Mannion, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Fed'l. Bldg & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Ponte v. Uncle Guiseppe's Ramsey, Inc., et al.
<u>Case No: 2:18-cv-12470</u>

Dear Magistrate Judge Mannion:

This office represents Defendants Uncle Giuseppe's Ramsey, Inc., Janet Hertzel, Molly Feil and Matthew Riello ("Defendants") in the referenced matter. Pursuant to the Pretrial Scheduling Order dated December 11, 2018, and in advance of the court-ordered status conference on March 7, 2019, we respectfully submit the below proposed agenda for the status conference.

This case arises from Plaintiff's unsuccessful applications for a position as either a Grocery Clerk or a Cashier at Uncle Giuseppe's Marketplace in Ramsey, New Jersey. Uncle Guiseppe's Marketplace provides its customers with a shopping experience that mirrors the way prior generations shopped at neighborhood stores, combining the features of a full-service supermarket with traditional foods prepared with old-fashioned Italian recipes. It distinguishes itself by providing delicious food and friendly customer service, in which customers are treated like family – complete with Italian music, samples, and friendly associates.

Plaintiff Vincent Ponte alleges that he is autistic, and applied for positions with Uncle Guiseppe's Marketplace in Ramsey, New Jersey as a Grocery Clerk in June 2017 and as a Cashier in August 2017. He expressed interest thereafter in a Porter position, but did not apply for that position. Further, Ponte alleges that he was denied employment in alleged violation of the Americans with Disabilities Act ("ADA").

The Company denies that its hiring decisions violated any law, and indeed prides itself on employment opportunities afforded to disabled individuals who request accommodations. The positions for which Mr. Ponte applied had many qualified applicants. Ponte was one of 23

jackson | lewis.

applicants for the Grocery Clerk position in June 2017, and 2 Grocery Clerks were hired that month. Ponte was one of 83 applicants for the Cashier position in August 2017, and 19 were hired that month. Two Human Resources Coordinators who interviewed Mr. Ponte for the Cashier position (each without knowing of the other interview or its outcome) concluded that he was not a good fit for a customer service position requiring communication skills. Mr. Ponte never disclosed a disability to either HR Coordinator, and neither was aware of any disability at the time of the interviews. Further, Mr. Ponte never requested an accommodation that would have enabled him to perform the essential functions of any job for which he applied.

In short, the Company believes Plaintiff's claims to be completely without merit. The parties have exchanged Initial Disclosures and documents, and Defendants have responded to Interrogatories. Defendants propose the following subjects as an agenda for the Status Conference on March 7, 2019:

- Exchange of discovery materials responsive to requests propounded in accordance with the December 11, 2018 Scheduling Order, including in particular Plaintiff's Answers to Defendants' Interrogatories
- Production of documents from Plaintiff reflecting mitigation of damages through subsequent employment
- Authorizations for release of records reflecting Plaintiff's disabilities, including efforts to mitigate the impact of such disabilities through medical and educational efforts
- Execution of a Consent Order authorizing release of NJDOLWD records reflecting unemployment, disability, and workers compensation claims
- Interim dispositive motion schedule (or voluntary dismissal with prejudice) of claims against Mr. Riello and Ms. Hetzel, who are no longer Company employees, are not present in New Jersey, against whom there is no actionable claim, and whose presence as individual defendants needlessly complicates the case
- Settlement conference once discovery is complete for purposes of determining a settlement value for the case, if any.

Finally, Plaintiff has requested a stay of discovery in this matter due to the recent passing of Plaintiff's mother. Defendants do not object to a 30-day stay, but respectfully request that the stay not be indefinite and that the stay be lifted promptly when feasible. Defendants thank the Court for its consideration of the foregoing.

Respectfully submitted,

JACKSON LEWIS P.C.

Mary L. Moore

MLM:ll
cc: Christopher DelGaizo, Esq. (via ECF)

413450 - 4831-6646-5417, v. 1